J-S84013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY ARMSTRONG, | |
| Appellant | No. 1879 EDA 2017 |

Appeal from the PCRA Order Entered May 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0512081-2002

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 20, 2019**

Appellant, Gary Armstrong, appeals from the post-conviction court's May 19, 2017 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Additionally, Appellant's counsel, Benjamin B. Cooper, Esq., has filed a petition to withdraw from representing Appellant, along with an ***Anders***[1] brief. While a ***Turner/Finley***[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Cooper's ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter.   ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011)

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

("Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney Cooper's petition to withdraw.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> On June 11, 1991, [Appellant] and a co-conspirator robbed a jewelry store located near 60th and Chestnut Streets, Philadelphia. In the course of the robbery, two persons were fatally shot through the head. On June 19, 2003, [Appellant] was convicted by a jury of two counts of second-degree murder, 18 Pa.C.S. [§] 2502; and one count each of robbery, 18 Pa.C.S. [§] 3701, criminal conspiracy, 18 Pa.C.S. [§] 903, [a] violation of the Uniform Firearms Act, 18 Pa.C.S. [§] 6106, and possession of an instrument of crime, 18 Pa.C.S. [§] 907. The Honorable Jane Cutler Greenspan presided. On August 1, 2003, Judge Greenspan sentenced [Appellant] to a mandatory life sentence for murder, a consecutive term of five to ten years of incarceration for criminal conspiracy, and concurrent terms of two to five years of incarceration for [the] violation of the Uniform Firearms Act and possession of an instrument of crime. Trial counsel was Gary Server, Esquire.
>
> The Superior Court affirmed [Appellant's] judgment of sentence on June 18, 2004…. [**Commonwealth v. Armstrong**, 858 A.2d 1270 (Pa. Super. 2004) (unpublished memorandum).] The Supreme Court denied [Appellant's] petition for allowance of appeal on November 12, 2004…. [**Commonwealth v. Armstrong**, 863 A.2d 1141 (Pa. 2004).]
>
> On May 9, 2005, [Appellant], represented by Jules Epstein, Esquire, filed his first PCRA [p]etition. On July 9, 2008, the PCRA [p]etition was denied. The Superior Court affirmed the order of the PCRA [c]ourt on February 26, 2009…. [**Commonwealth v. Armstrong**, 972 A.2d 547 (Pa. Super. 2009) (unpublished memorandum).] The Supreme Court denied [Appellant's] petition for allowance of appeal on September 9, 2009…. [**Commonwealth v. Armstrong**, 980 A.2d 604 (Pa. 2009).]

On October 5, 2009, [Appellant], acting *pro se*, filed his second PCRA [p]etition[, which underlies the present appeal]. On June 14, 2012, Earl G. Kauffman, Esquire, was appointed to represent [Appellant]. On April 30, 2013, Stephen T. O'Hanlon, Esquire[,] was appointed to represent [Appellant] in place of Mr. Kauffman. On July 26, 2014, [Attorney] O'Hanlon filed an [a]mended PCRA [p]etition. This PCRA matter was assigned to this court.

In the [a]mended PCRA [p]etition, [Appellant] claim[ed] that trial counsel, [Attorney] Server, failed to convey an offer of a guilty plea in exchange for a sentence of 30 to 60 years of incarceration.

Evidentiary hearings were conducted on December 15, 2016 and March 17, 2017. Defense counsel, [Attorney] Server, and the prosecutor, Christopher Phillips, Esquire, testified that they had no specific recollection of an offer. (N.T.[,] 3/17/17, [at] 10, 25). [Attorney] Server, who has been practicing criminal law since 1988, testified that if an offer had been made, he would have conveyed it to his client. ([*Id.* at] 5, 10). [Attorney] Server and [Attorney] Phillips both testified that if an offer had been made and rejected, they would have placed it on the record. ([*Id.* at] 10, 25).

[Appellant's] brother, Dennis Armstrong[,] testified that he heard about the offer on the first day of the murder trial from another brother, Daniel Armstrong. Daniel Armstrong had just spoken to [Attorney] Server. (N.T.[,] 12/15/16, [at] 5, 8). Daniel Armstrong testified that in 2003[,] he had a telephone conference with [Attorney] Server in which they discussed an offer of 30 to 60 years. (N.T.[,] 3/17/17, [at] 36). Daniel Armstrong testified that he first mentioned the offer to [Appellant] during a prison visit on April 8, 2008. ([*Id.* at] 37).

[Appellant] testified that he first heard of the purported plea deal in 2008 when he was so informed by Daniel Armstrong. ([*Id.* at] 62).

PCRA Court Opinion (PCO), 11/29/17, at 1-3.

Ultimately, the PCRA court "determined that the testimony of [Attorney] Server and [Attorney] Phillips was credible[,]" and "that the testimony of [Appellant], Dennis Armstrong and Daniel Armstrong lacked credibility." *Id.*

at 4. The court also concluded that Appellant's petition, filed in October of 2009, was untimely, given that he discovered the alleged plea offer in April of 2008. *Id.* at 4-5. Accordingly, the court dismissed Appellant's PCRA petition.

Appellant filed a timely notice of appeal. Thereafter, the PCRA court appointed Attorney Cooper as appellate counsel and ordered that Appellant file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied with the court's order, and the court issued a Rule 1925(a) opinion on November 29, 2017.

On August 15, 2018, Attorney Cooper filed with this Court a petition to withdraw and an **Anders** Brief, asserting that Appellant had no non-frivolous issues to raise on appeal. Again, as a **Turner/Finley** letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will assess Attorney Cooper's petition to withdraw and **Anders** brief under the dictates of **Turner/Finley**, which we have summarized as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner*, supra* and **Finley***, supra* and] … must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley,** the court—trial

- 4 -

court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (internal citations omitted) (quoting *Commonwealth v. Wrecks,* 931 A.2d 717, 721 (Pa. Super. 2007)).

Here, in the brief submitted to this Court, Attorney Cooper states that he has undertaken "an extensive review of the record" and determined that the issues Appellant seeks to have reviewed are meritless. *Turner/Finley* Brief at 14. Counsel explains how and why he has reached that conclusion regarding each issue that Appellant set forth in his petition. *See id.* at 9-13. Additionally, Attorney Cooper forwarded to Appellant a copy of his petition to withdraw and his no-merit letter, and he advised Appellant that he has the immediate right to proceed with this appeal *pro se* or to hire new counsel. Thus, Attorney Cooper has complied with his requirements for withdrawal.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition

for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

---

[3] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within **one year** of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (emphasis added).

Here, Appellant's judgment of sentence became final on February 10, 2005, 90 days after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final 90 days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had 90 additional days to seek review with the United States Supreme Court). Consequently, Appellant's present petition, filed in October of 2009, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, he must prove that he meets one of the exceptions to the timeliness requirements set forth above.

Instantly, in Appellant's amended petition, he asserted that his trial counsel, Attorney Server, acted ineffectively by not conveying a plea offer to Appellant. Appellant asserted that he learned of this undisclosed plea offer "in August or September of 2009." Amended PCRA Petition, 7/26/14, at 5. Appellant averred that his discovery of the plea offer satisfied the timeliness exception of section 9545(b)(1)(iii). **Id.**

Appellant's reliance on the 'new retroactive right' exception of section 9545(b)(1)(iii) is clearly erroneous, as there is no novel, constitutional right involved in his claim. Moreover, even if we presume that Appellant intended to cite the after-discovered-fact exception of section 9545(b)(1)(ii), we would still deem his claim meritless. As the PCRA court points out, the evidence

- 7 -

offered at the PCRA hearing demonstrated that Appellant learned the 'new fact' of the alleged plea offer on April 8, 2008, when his first, timely petition was still pending before the PCRA court. *See* N.T. PCRA Hearing, 3/17/17, at 37. Appellant could have sought to amend that petition to assert his present ineffectiveness claim, yet he failed to do so. Instead, he waited until October 5, 2009, to file his instant petition setting forth this claim. Thus, the PCRA court concluded, and we agree, that Appellant failed to raise his after-discovered fact claim in a timely manner pursuant to section 9545(b)(2).

Notwithstanding the untimeliness of Appellant's petition, the PCRA court assessed the merits of his underlying ineffectiveness claim, rejecting it on the basis of credibility determinations that are supported by the record. More specifically, Appellant's trial counsel, and the District Attorney who prosecuted his case, both testified that they had no recollection of any plea offer being made to Appellant, and if such had occurred, they would have placed it on the record. *See* N.T. PCRA Hearing at 10, 25. The court believed their testimony and did not credit Appellant's and his brothers' contrary claims. Accordingly, even if Appellant had satisfied a timeliness exception, we would discern no error in the PCRA court's dismissal of his petition on the merits.

Thus, we agree with Attorney Cooper that the claims Appellant seeks to raise on appeal are meritless. Therefore, we affirm the PCRA court's order dismissing Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/19